MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS

MALLINCKRODT US LLC,                    )
                                        )
                    Plaintiff,          )    Case No. _____
                                        )
v.                                      )
                                        )    Division No. _____
LIBERTY MUTUAL INSURANCE                )
COMPANY,                                )
Serve:                                  )    (Jury Trial Demanded)
    CSC-Lawyers Incorporating Service   )
    Company, Registered Agent           )
    221 Bolivar                         )
    Jefferson City MO 65101             )
                                        )
                    Defendant.          )

## PETITION

Plaintiff Mallinckrodt US LLC ("Mallinckrodt"), by and through its attorneys, and for its

causes of action against Liberty Mutual Insurance Company ("Liberty Mutual") states and

alleges as follows:

### NATURE OF THIS ACTION

1.    This is an action for declaratory relief pursuant to REV. MO. STAT. §§ 527.010 *et

seq.* and Mo. R. Civ. P. 87; compensatory damages, reasonable attorneys' fees, and interest in

connection with breach of contract; vexatious damages, reasonable attorneys' fees, and costs, in

connection with vexatious refusal to pay; compensatory and punitive damages, reasonable

attorneys' fees, and costs in connection with bad faith refusal to settle; and such other and further

relief as this Court deems just and proper.

2.    Liberty Mutual Policy Nos. LP1-642-004399-046 and LG1-642-004399-047

(collectively, the "Liberty Mutual Policies") obligate Defendant to (a) defend and/or pay defense

1



costs and (b) indemnify Mallinckrodt, as the successor in interest to International Minerals and Chemical Company, in connection with third-party actions against Mallinckrodt seeking damages for bodily injury, sickness, disease, or death allegedly caused, in whole or in part, as a result of exposure to asbestos-containing products manufactured and distributed by the Lavino Division decades earlier (the "Underlying Asbestos Actions").

3.     IMCERA Group Inc., formerly known as International Minerals and Chemical Corporation, and certain of its primary insurers, including Defendant Liberty Mutual, entered into an agreement entitled Primary Insurance Cost Sharing Agreement Regarding IMCERA's Asbestos Bodily Injury Claims, effective June 20, 1991, for sharing and allocating defense and indemnity costs among themselves for the Underlying Asbestos Actions (the "Asbestos Cost Sharing Agreement").

4.     Defendant Liberty Mutual has breached its obligations under the Liberty Mutual Policies and the Asbestos Cost Sharing Agreement by failing or refusing to pay amounts due Mallinckrodt for defense and indemnity costs incurred in connection with the Underlying Asbestos Actions.

5.     Defendant Liberty Mutual's failure or refusal to pay amounts due Mallinckrodt for defense and indemnity costs incurred in connection with the Underlying Asbestos Actions, is unreasonable and vexatious.

6.     Further, Defendant Liberty Mutual's failure or refusal to fully indemnify or pay in full all sums that Mallinckrodt is legally obligated to pay by judgment in, or settlement of, the Underlying Asbestos Actions, is in bad faith.

### PARTIES

7.     Plaintiff Mallinckrodt is a limited liability company formed under the laws of the

2

State of Delaware with its principal place of business in Missouri. Mallinckrodt is the successor in interest to IMCERA Group Inc. ("IMCERA"), a corporation incorporated under the laws of the State of New York with its principal place of business in Illinois. IMCERA was formerly known as International Minerals & Chemical Corporation ("IMC"), a corporation incorporated under the laws of the State of New York with its principal place of business in Illinois.

8.     Defendant Liberty Mutual is incorporated under the laws of the State of Massachusetts with its principal place of business in Massachusetts, and is licensed to, and does, transact insurance business in the State of Missouri.

## JURISDICTION AND VENUE

9.     This Court possesses original jurisdiction over this case pursuant to MO. CONST. art. V, § 14 and Mo. Rev. Stat. § 478.070. The amount in controversy substantially exceeds the minimum jurisdictional limit of $25,000 (exclusive of interest and costs).

10.    This Court has personal jurisdiction over Defendant Liberty Mutual pursuant to MO. REV. STAT. § 506.500.1(1). Defendant Liberty Mutual has transacted insurance business with Mallinckrodt within the State of Missouri. Consequently, Defendant has submitted to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts. The causes of action asserted herein against Defendant arise from such acts. Specifically, Mallinckrodt brings this action for declaratory relief pursuant to MO. REV. STAT. §§ 527.010 *et seq.* and Mo. R. Civ. P. 87 to determine the parties' respective rights and obligations under contracts of insurance in connection with the Underlying Asbestos Actions; for Liberty Mutual's breach of said contracts of insurance; for Liberty Mutual's vexatious and unreasonable failure or refusal to pay loss in connection with the Underlying Asbestos Actions; and for Liberty Mutual's bad faith failure to settle the Underlying Asbestos Actions. In addition, Defendant Liberty

Mutual has sufficient "minimum contacts" with the State of Missouri to satisfy due process requirements. Liberty Mutual is licensed to, and does, transact insurance business in the State of Missouri. In addition, Liberty Mutual previously "purposefully availed itself" of the Missouri courts by litigating against Mallinckrodt concerning Liberty Mutual's obligations to defend, reimburse defense costs and/or indemnify Mallinckrodt with respect to certain claims against it. *See Mallinckrodt Inc. et al v. The Continental Insurance Company, et al.,* Case No. 05-CC-001214 (Cir. Ct. St. Louis Cty., Mo).

11.     Venue is proper in this Court in accordance with MO. REV. STAT. § 508.010.2(4), as Defendant Liberty Mutual is a nonresident of the State of Missouri.

## UNDERLYING ASBESTOS ACTIONS

12.     In 1966, IMC, by means of an asset purchase agreement, acquired select assets of E.J. Lavino and Company, a Philadelphia-based manufacturer of refractory and manganese products for the steel industry. The assets purchased were operated by IMC as the Lavino Division of IMC (the "Lavino Division").

13.     The Lavino Division produced two products containing asbestos, both used primarily in steel facilities.

14.     IMC sold the Lavino Division to Kaiser Aluminum and Chemical Corporation in 1974, divesting itself of these asbestos-related operations.

15.     Third parties have commenced actions against Mallinckrodt seeking damages for bodily injury, sickness, disease, or death allegedly caused, in whole or in part, as a result of exposure to the aforesaid asbestos-containing products manufactured and distributed by the Lavino Division decades earlier (previously defined *supra* as the "Underlying Asbestos Actions").

4

16.     Some or all of the allegations by the claimants in the Underlying Asbestos Actions pertain to bodily injury occurring during the terms of the Liberty Mutual Policies.

17.     Mallinckrodt has incurred, and will continue to incur, substantial costs in defending against, settling, or otherwise resolving the Underlying Asbestos Actions.

## LIBERTY MUTUAL POLICIES

18.     In consideration of substantial premiums, Defendant Liberty Mutual issued to IMC the following primary comprehensive general liability ("CGL") policies, which are at issue in this Petition (previously defined *supra* as, collectively, the "Liberty Mutual Policies"):

| Policy No. | Policy Term | Coverage | Limits of Liability |
|---|---|---|---|
| LP1-642-004399-046 | 7/1/66–7/1/67 | A–Bodily Injury Liability | $300,000 each person<br>$2,000,000 each accident<br>$2,000,000 aggregate products |
| LG1-642-004399-047 | 7/1/67–12/1/67 | A–Bodily Injury Liability | $300,000 each person<br>$2,000,000 each occurrence<br>$2,000,000 aggregate |

19.     Upon information and belief, true and correct copies of the Liberty Mutual Policies are attached hereto as Exhibits A and B.

20.     Each of the Liberty Mutual Policies constitutes a valid and enforceable contract.

21.     Each of the Liberty Mutual Policies obligates Defendant to pay on behalf of Mallinckrodt, as successor in interest to IMC, "all sums" that it becomes legally obligated to pay as damages because of "bodily injury" so long as any part of the alleged injury occurred during the policy period.

5

22.     Each of the Liberty Mutual Policies further obligates Defendant to defend and/or pay defense costs incurred by Mallinckrodt, as successor in interest to IMC, in connection with any suit seeking damages for bodily injury occurring during the policy period – even if such allegations are groundless, false or fraudulent.

23.     The Underlying Asbestos Actions allege "bodily injury" as that term is used in the Liberty Mutual Policies.

24.     The Underlying Asbestos Actions allege bodily injury, sickness or disease occurring during the policy period of some or all of the Liberty Mutual Policies.

25.     The Underlying Asbestos Actions arise from an "accident" or "occurrence" as those terms are used in the Liberty Mutual Policies.

26.     The Underlying Asbestos Actions constitute a "suit" as that term is used in the Liberty Mutual Policies.

27.     IMC timely paid all premiums due under the Liberty Mutual Policies.

28.     All conditions precedent to coverage under the Liberty Mutual Policies have been satisfied, waived or are otherwise inapplicable.

29.     IMC and/or Mallinckrodt have performed its/their duties and obligations under the Liberty Mutual Policies.

30.     Mallinckrodt has provided notice and demanded Liberty Mutual (a) defend and/or pay defense costs and (b) indemnify Mallinckrodt, as the successor in interest to IMC, under the Liberty Mutual Policies in connection with the Underlying Asbestos Actions.

31.     Defendant Liberty Mutual, however, has failed or refused to (a) defend and/or pay defense costs and (b) indemnify Mallinckrodt, as the successor in interest to IMC, under the

6

Liberty Mutual Policies in connection with the Underlying Asbestos Actions.

## ASBESTOS COST SHARING AGREEMENT

32.     Disputes arose between IMCERA, formerly known as IMC, and certain of its primary insurers concerning the application of insurance policies to the Underlying Asbestos Actions.

33.     Intending to settle all such disputes as to each other, IMCERA and certain of its primary insurers for the years 1966 through 1985, including Defendant Liberty Mutual, entered into an agreement entitled Primary Insurance Cost Sharing Agreement Regarding IMCERA's Asbestos Bodily Injury Claims, effective June 20, 1991, thereby adopting a mechanism for sharing and allocating defense and indemnity costs among themselves for the Underlying Asbestos Actions (previously defined *supra* as the "Asbestos Cost Sharing Agreement").

34.     As the Asbestos Cost Sharing Agreement contains a confidentiality provision restricting disclosure of the agreement or its terms, it is not attached hereto. Prior to disclosure of the Asbestos Cost Sharing Agreement, Mallinckrodt will request entry of an appropriate confidentiality order.

35.     The Asbestos Cost Sharing Agreement constitutes a valid and enforceable contract.

36.     The Asbestos Cost Sharing Agreement obligates Defendant Liberty Mutual to pay defense and indemnity costs incurred in connection with the Underlying Asbestos Actions in accordance with the percentages allocated to each Liberty Mutual Policy.

37.     Mallinckrodt submits quarterly billing statements (a/k/a quarterly reports) to Liberty Mutual, among others, as required under the Asbestos Cost Sharing Agreement.

38.     In turn, the Asbestos Cost Sharing Agreement requires Liberty Mutual to pay

7

amounts due within thirty (30) days of the date of the quarterly report.

39.     Defendant Liberty Mutual, however, has failed or refused to pay in full defense and indemnity costs incurred in connection with the Underlying Asbestos Actions in accordance with the percentages allocated to each Liberty Mutual Policy.

40.     Pursuant to the Asbestos Cost Sharing Agreement, past-due amounts accrue interest at the prime rate charged by Citibank during each period of the default.

41.     Pursuant to the Asbestos Cost Sharing Agreement, if the parties thereto are unable to resolve a dispute concerning the terms, meaning, or implementation of the Asbestos Cost Sharing Agreement, the dispute shall be determined by binding arbitration by and pursuant to the International Institute for Conflict Prevention and Resolution, formerly known as the CPR Institute for Dispute Resolution and The Center for Public Resources ("CPR"), Rules for Non-Administered Arbitration (the "CPR Rules"). Liberty Mutual, however, refused to arbitrate this dispute, thus necessitating this action. *See infra* para. 79.

42.     Pursuant to the Asbestos Cost Sharing Agreement, the prevailing party in such arbitration is entitled to reasonable attorneys' fees.

43.     IMCERA and/or Mallinckrodt have performed its/their duties and obligations under the Asbestos Cost Sharing Agreement.

## MALLINCKRODT & ITS PREDECESSORS IN INTEREST

44.     International Minerals and Chemical Corporation changed its name to IMCERA Group Inc. in June 1990.

45.     IMCERA Group Inc. changed its name to Mallinckrodt Group Inc. in March 1994.

46.     Mallinckrodt Group Inc. changed its name to Mallinckrodt Inc. in October 1996.

8

47.    MMHC, Inc. was formed in May 1990.

48.    In December 2006, MMHC, Inc. was converted to a limited liability company, changing its name to MMHC LLC.

49.    In December 2006, Mallinckrodt Inc. merged with and into Mallinckrodt Holdings, Inc., with Mallinckrodt Holdings, Inc. being the surviving corporation of the merger.

50.    In December 2006 (subsequent to the aforementioned merger), Mallinckrodt Holdings, Inc. merged with and into United States Surgical Corporation, with United States Surgical Corporation being the surviving corporation.

51.    MMHC LLC changed its name to Mallinckrodt LLC in March 2007.

52.    In March 2007, United States Surgical Corporation and Mallinckrodt LLC entered into an agreement by which United States Surgical Corporation expressly and unambiguously transferred its rights to coverage under the Liberty Mutual Policies and, in turn, the benefits of the Asbestos Cost Sharing Agreement, for claims arising out of events that had already occurred – namely the Lavino Division's manufacture and distribution of asbestos-containing products decades earlier.

53.    Mallinckrodt LLC changed its name to Mallinckrodt US LLC in September 2010.

## COUNT I
### (Declaratory Judgment)

54.    Mallinckrodt incorporates by reference paragraphs 1 through 53 of this Petition as if fully set forth herein.

55.    An actual controversy of a justiciable nature currently exists between Mallinckrodt and Defendant Liberty Mutual sufficient to invoke this Court's power pursuant to REV. MO. STAT. §§ 527.010 *et seq.* and Mo. R. Civ. P. 87 to declare the parties' respective rights and obligations under the Liberty Mutual Policies in connection with the Underlying Asbestos

9

Actions.

56.     Thus, pursuant to REV. MO. STAT. §§ 527.010 *et seq.* and Mo. R. Civ. P. 87, Mallinckrodt seeks a judicial declaration by this Court that Liberty Mutual has (a) a duty to defend and/or pay the costs and expenses of defending the Underlying Asbestos Actions, and (b) a duty to indemnify or pay in full all sums that Mallinckrodt is legally obligated to pay by judgment in, or settlement of, the Underlying Asbestos Actions.

WHEREFORE, with respect to Count I, Mallinckrodt respectfully requests:

A.     A judgment declaring that Defendant Liberty Mutual is obligated under the terms of the Liberty Mutual Policies to defend and/or pay the costs and expenses of defending the Underlying Asbestos Actions;

B.     A judgment declaring that Defendant Liberty Mutual is obligated under the Liberty Mutual Policies to indemnify or pay in full all sums that Mallinckrodt is legally obligated to pay by judgment in, or settlement of, the Underlying Asbestos Actions;

C.     Orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

D.     Other and further relief as this Court deems just and proper.

## COUNT II
### (Breach of Contract – Liberty Mutual Policies)

57.     Mallinckrodt incorporates by reference paragraphs 1 through 56 of this Petition as if fully set forth herein.

58.     The Liberty Mutual Policies obligate Defendant to (a) defend and/or pay the costs and expenses of defending the Underlying Asbestos Actions, and (b) indemnify or pay in full all sums that Mallinckrodt is legally obligated to pay by judgment in or settlement of the Underlying

10

Asbestos Actions.

59.     Defendant Liberty Mutual, however, has failed or refused to (a) provide Mallinckrodt a full and complete defense and/or pay in full the costs and expenses of defending the Underlying Asbestos Actions, and (b) fully indemnify or pay in full all sums that Mallinckrodt is legally obligated to pay by judgment in, or settlement of, the Underlying Asbestos Actions.

60.     Defendant Liberty Mutual has breached the Liberty Mutual Policies by failing or refusing to (a) defend and/or pay the costs and expenses of defending the Underlying Asbestos Actions, and (b) indemnify or pay in full all sums that Mallinckrodt is legally obligated to pay by judgment in, or settlement of, the Underlying Asbestos Actions.

61.     As a direct and proximate result of the aforesaid breaches by Liberty Mutual, Mallinckrodt has been damaged in an amount to be proved at trial for all costs of defense, damages, payments by judgment, settlement, or otherwise, and other sums incurred to date by Mallinckrodt or which may be incurred, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

WHEREFORE, with respect to Count II, Mallinckrodt respectfully requests:

A.     An award against Defendant Liberty Mutual of compensatory damages in the amount established by the evidence, including all costs of defense, damages, payments by judgment, settlement, or otherwise, and other sums incurred to date by Mallinckrodt or which may be incurred by it in the future, together with pre-judgment and post-judgment interest;

a.     Orders, including injunctive relief, as are necessary to preserve this

11

Court's jurisdiction over the parties and issues herein; and

      b.     Other and further relief as this Court deems just and proper.

## COUNT III
### (Breach of Contract – Asbestos Cost Sharing Agreement)

62.     Mallinckrodt incorporates by reference paragraphs 1 through 61 of this Petition as if fully set forth herein.

63.     The Asbestos Cost Sharing Agreement obligates Defendant Liberty Mutual to pay defense and indemnity costs incurred in connection with the Underlying Asbestos Actions in accordance with the percentages allocated to each Liberty Mutual Policy.

64.     Defendant Liberty Mutual, however, has failed or refused to pay in full defense and indemnity costs incurred in connection with the Underlying Asbestos Actions in accordance with the percentages allocated to each Liberty Mutual Policy.

65.     Consequently, Mallinckrodt commenced arbitration against Liberty Mutual on February 13, 2007 to resolve the dispute under the Asbestos Cost Sharing Agreement ("Notice of Arbitration").

66.     Liberty Mutual acknowledged Mallinckrodt's Notice of Arbitration on March 20, 2007.

67.     Mallinckrodt and Liberty Mutual subsequently agreed to defer the arbitration in an attempt to resolve the dispute via settlement.

68.     The Parties, however, were unable to resolve their dispute.

69.     Consequently, on November 11, 2009, Mallinckrodt recommenced the arbitration ("Notice of Recommencement of Arbitration").

70.     Subsequently, Mallinckrodt identified its Claimant-Appointed Arbitrator ("Notice of Claimant-Appointed Arbitrator").

12

71.    On March 22, 2010, Liberty Mutual acknowledged Mallinckrodt's Notice of Claimant-Appointed Arbitrator, further responded to Mallinckrodt's Notice of Recommencement of Arbitration, and delivered notice of defense.

72.    Again, Mallinckrodt and Liberty Mutual agreed to defer the arbitration in order to pursue settlement.

73.    The Parties, however, were unable to resolve their dispute

74.    Accordingly, Mallinckrodt resumed the arbitration on December 20, 2011 ("Notice of Resumption").

75.    On January 9, 2012, Liberty Mutual acknowledged Mallinckrodt's Notice of Resumption, but failed to notify Mallinckrodt of Respondent's appointed arbitrator as required by Rule 3.4 of the CPR Rules.

76.    Consequently, on February 3, 2012, Mallinckrodt requested CPR proceed pursuant to Rule 6 of the CPR Rules and appoint a person it deemed qualified to serve as the Respondent-Appointed Arbitrator.

77.    Prior to proceeding with arbitration, Mallinckrodt and Liberty Mutual agreed to mediate their dispute.

78.    The Parties, however, were unable to reach a resolution of their dispute by means of mediation.

79.    Following conclusion of the mediation process, Liberty Mutual refused to arbitrate the dispute as required under Asbestos Cost Sharing Agreement.

80.    Defendant Liberty Mutual has breached the Asbestos Cost Sharing Agreement by failing or refusing to pay in full defense and indemnity costs incurred in connection with the Underlying Asbestos Actions in accordance with the percentages allocated to each Liberty

Mutual Policy.

81.     Defendant Liberty Mutual has further breached the Asbestos Cost Sharing Agreement by failing or refusing to arbitrate the aforesaid dispute, which concerns the terms, meaning, and/or implementation of the Asbestos Cost Sharing Agreement.

82.     As a direct and proximate result of the aforesaid breaches by Liberty Mutual, Mallinckrodt has been damaged in an amount to be proved at trial for all costs of defense, damages, payments by judgment, settlement, or otherwise, and other sums incurred to date by Mallinckrodt or which may be incurred, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

WHEREFORE, with respect to Count III, Mallinckrodt respectfully requests:

A.     An award against Defendant Liberty Mutual of compensatory damages in the amount established by the evidence, including all costs of defense, damages, payments by judgment, settlement, or otherwise, and other sums incurred to date by Mallinckrodt or which may be incurred by it in the future, together with pre-judgment and post-judgment interest;

B.     An award against Defendant Liberty Mutual of reasonable attorneys' fees as provided under the Asbestos Cost Sharing Agreement;

C.     An award against Defendant Liberty Mutual of interest as provided under the Asbestos Cost Sharing Agreement;

D.     Orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

E.     Other and further relief as this Court deems just and proper.

14

## COUNT IV
### (Vexatious Refusal to Pay)

83.     Mallinckrodt incorporates by reference paragraphs 1 through 82 of this Petition as if fully set forth herein.

84.     Defendant Liberty Mutual's conduct described *supra*, including Liberty Mutual's failure or refusal to pay amounts due Mallinckrodt for defense and indemnity costs incurred in connection with the Underlying Asbestos Actions, is unreasonable and vexatious.

85.     Defendant Liberty Mutual's attitude as evidenced by its conduct described *supra*, including Liberty Mutual's failure or refusal to arbitrate the aforesaid dispute concerning the terms, meaning, and/or implementation of the Asbestos Cost Sharing Agreement, is vexatious and recalcitrant.

86.     Thus, Mallinckrodt is entitled to damages, reasonable attorneys' fees, and costs.

WHEREFORE, with respect to Count IV, Mallinckrodt respectfully requests:

      A.     An award against Liberty Mutual of vexatious damages;

      B.     An award against Liberty Mutual of reasonable attorneys' fees;

      C.     An award against Liberty Mutual for costs, including pre-judgment interest;

      D.     Orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

      E.     Other and further relief as this Court deems just and proper.

## COUNT V
### (Bad Faith Failure to Settle)

87.     Mallinckrodt incorporates by reference paragraphs 1 through 86 of this Petition as if fully set forth herein.

88.     Defendant Liberty Mutual's conduct described *supra*, including Liberty Mutual's

15

failure or refusal to fully indemnify or pay in full all sums that Mallinckrodt is legally obligated to pay by judgment in, or settlement of, the Underlying Asbestos Actions, is in bad faith.

89.     As evidenced by its actions described *supra*, including Liberty Mutual's failure or refusal to arbitrate the aforesaid dispute concerning the terms, meaning, and/or implementation of the Asbestos Cost Sharing Agreement, Liberty Mutual failed to give at least equal consideration to its policyholder's interests as it gave to its own interests in arriving at decisions on whether to settle the Underlying Asbestos Actions.

90.     Defendant Liberty Mutual's conduct described *supra*, including Liberty Mutual's failure or refusal to fully indemnify or pay in full all sums that Mallinckrodt is legally obligated to pay by judgment in, or settlement of, the Underlying Asbestos Actions and Liberty Mutual's failure or refusal to arbitrate the aforesaid dispute concerning the terms, meaning, and/or implementation of the Asbestos Cost Sharing Agreement, exceeds mere negligence and constitutes utter indifference and reckless disregard for its policyholder's financial welfare.

91.     Thus, Mallinckrodt is entitled to compensatory and punitive damages.

WHEREFORE, with respect to Count V, Mallinckrodt respectfully requests:

A.     An award against Liberty Mutual of compensatory damages;

B.     An award against Liberty Mutual of punitive damages;

C.     An award against Liberty Mutual of reasonable attorneys' fees;

D.     An award against Liberty Mutual for costs, including pre-judgment interest;

E.     Orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

16

F.     Other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Mallinckrodt hereby demands a trial by jury of any and all issues so triable.

DATED June 14, 2012.

Respectfully submitted,

POLSINELLI SHUGHART PC

By: _for WJG (62006)_
William J. Gust # 60826
POLSINELLI SHUGHART PC
100 South Fourth Street, Suite 1000
St. Louis, Missouri 63102
Telephone: (314) 889-8000
Facsimile: (314) 231-1776
wgust@polsinelli.com

*Attorneys for Plaintiff Mallinckrodt US LLC*

2823887

17