UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALLINCKRODT US LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:12CV1340 CDP ) |
| LIBERTY MUTUAL INS. CO., | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Mallinckrodt is a defendant in multiple actions filed by third parties seeking damages for exposure to asbestos-containing products.  Mallinckrodt alleges that the claims brought against it are covered by an insurance policy issued by Liberty Mutual.  Mallinckrodt also claims that Liberty Mutual entered into a cost sharing agreement with its predecessor in interest[1] and other insurers to allocate defense and indemnity costs for these types of asbestos suits.  In this action, Mallinckrodt seeks a declaration that Liberty Mutual has a duty to defend and indemnify it in the third party asbestos lawsuits.  Mallinckrodt also brings claims for breach of

---

[1] Mallinckrodt is not a signatory to the cost sharing agreement.  Instead it alleges that, through a complex series of corporate mergers, it is a successor in interest to IMCERA Group, Inc., one of the signatories to the agreement.  In 1966, IMCERA purchased assets of E.J. Lavino and Company, which produced two products containing asbestos.  Mallinckodt claims that the mergers and resulting transfers of rights gave it the rights to coverage under the Liberty Mutual policies and the cost sharing agreement for these asbestos lawsuits.

both the insurance policy and the cost sharing agreement, vexatious refusal to pay, and bad faith failure to settle.

Liberty Mutual moves to compel arbitration and dismiss this action under § 4 of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. Liberty Mutual first claims that Mallinckrodt is obligated to arbitrate its dispute under an arbitration clause in the cost sharing agreement. It then argues that an arbitrator, not this Court, must decide whether Mallinckrodt, as a non-signatory to the cost sharing agreement, is entitled to enforce any of its provisions when assignment is prohibited under the contract. Mallinckrodt responds that whether it is bound by the arbitration provision in the cost sharing agreement is an issue of arbitrability reserved for this court.

I agree with Mallinckrodt that the question of whether it is obligated to arbitrate this dispute must be decided by this court, and is not an issue left for arbitration. "'[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986) (quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). "Thus, when deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so,

whether the dispute falls within the scope of that agreement." Newspaper Guild of St. Louis, Local 36047, TNG-CWA v. St. Louis Post Dispatch, LLC,  641 F.3d 263, 266 (8th Cir. 2011) (citation omitted).  Ordinary state law contract principles are applied to decide whether parties have agreed to arbitrate a particular matter.  Keymer v. Management Recruiters Intern., Inc., 169 F.3d 501, 504 (8th Cir. 1999).

I must look to state law to determine whether the parties are required to arbitrate this dispute.  But the moving party – Liberty Mutual – has not bothered to inform the court which state's law should be applied.  Instead, it simply argues in a footnote to its reply brief that it is "unlikely" that Missouri law applies.  The court cannot determine the scope and applicability of the arbitration clause in the cost sharing agreement if it does not even know what law to apply.  The briefs now before me focus on the preliminary issue of whether the court or the arbitrators should decide the arbitrability question, and have not provided me with any basis for determining the actual question of arbitrability.  Therefore, the motion will be denied without prejudice to Liberty Mutual's filing a properly supported motion to compel arbitration.

Mallinckrodt and Liberty Mutual obviously have had many years of dealing with one another as the underlying asbestos litigation has wound its way through various courts.  Their failure to resolve this dispute, including their failure to agree

even on whether arbitration is required, smacks of gamesmanship.  I strongly urge them both to reconsider their current posture and attempt to resolve this dispute to avoid further unnecessary expense and delay.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss and compel arbitration [#10] is denied without prejudice as stated above.

**IT IS FURTHER ORDERED** that plaintiff's motion for oral argument [#16] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of October, 2012.