UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| MALLINCKRODT US LLC,<br><br>          Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 4:12-CV-01340-CDP<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") responds to the allegations set forth in the Petition (the "Petition") of Mallinckrodt US LLC ("Mallinckrodt") as follows:

1.  Paragraph 1 of the Petition states a legal conclusion or other non-factual allegation to which no response is required.

2.  Liberty Mutual admits that it issued Policy Nos. LP1-642-004399-046 and LG1-642-004399-047 (the "Liberty Mutual Policies") to International Minerals & Chemical Corporation ("IMC"), which policies speak for themselves. Liberty Mutual denies the remaining allegations set forth in Paragraph 2 of the Petition.

3.  Liberty Mutual admits that IMCERA Group Inc. ("IMCERA") and Liberty Mutual executed a document entitled Primary Insurance Cost Sharing Agreement Regarding IMCERA's Asbestos Bodily Injury Claims (the "Cost Sharing Agreement"), which document

speaks for itself. Liberty Mutual is without knowledge or information sufficient to respond to the remainder of the allegations set forth in Paragraph 3 of the Petition.

      4.      Liberty Mutual denies the allegations set forth in Paragraph 4 of the Petition.

      5.      Liberty Mutual denies the allegations set forth in Paragraph 5 of the Petition.

      6.      Liberty Mutual denies the allegations set forth in Paragraph 6 of the Petition.

      7.      Liberty Mutual denies that Mallinckrodt is the successor in interest to IMCERA. Liberty Mutual is without knowledge or information sufficient to respond to the remaining allegations set forth in Paragraph 7 of the Petition.

      8.      Liberty Mutual admits the allegations set forth in Paragraph 8 of the Petition.

      9.      Paragraph 9 of the Petition states a legal conclusion or other non-factual allegation to which no response is required.

      10.      Paragraph 10 of the Petition states a legal conclusion or other non-factual allegation to which no response is required. To the extent the allegations set forth in Paragraph 10 of the Petition require a response, Liberty Mutual denies them.

      11.      Paragraph 11 of the Petition states a legal conclusion or other non-factual allegation to which no response is required.

      12.      Liberty Mutual admits that, in or around 1966, IMC acquired select assets of E.J. Lavino and Company by means of an asset purchase agreement, and that IMC subsequently operated all or some such assets as the Lavino Division. Liberty Mutual is without knowledge or information sufficient to respond to the remainder of the allegations set forth in Paragraph 12 of the Petition.

      13.      Liberty Mutual admits that the Lavino Division allegedly produced asbestos-containing products used in the steel industry. Liberty Mutual is without knowledge or

information sufficient to respond to the remaining allegations set forth in Paragraph 13 of the Petition.

14. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 14 of the Petition.

15. Liberty Mutual admits that third parties have commenced actions against a number of different entities, including but not limited to Mallinckrodt, seeking damages for bodily injury, sickness, disease or death allegedly caused, in whole or in part, as a result of exposure to asbestos-containing products allegedly manufactured and distributed by the Lavino Division (the "Underlying Asbestos Actions"). Liberty Mutual denies that those actions were commenced only against Mallinckrodt, or that they necessarily all involved products manufactured or distributed by the Lavino Division.

16. Liberty Mutual admits that some, but not all, of the allegations by the claimants in the Underlying Asbestos Actions pertain to bodily injury alleged to have occurred during the terms of the Liberty Mutual Policies.

17. Liberty Mutual admits that costs have been incurred, and will continue to be incurred, in defending against, settling, or otherwise resolving the Underlying Asbestos Actions. Liberty Mutual denies that any such costs were properly incurred by Mallinckrodt.

18. Liberty Mutual admits that it issued the policies identified in Paragraph 18 of the Petition to IMC, which policies speak for themselves.

19. Liberty Mutual admits that, except for Bates-numbering as well as some handwriting, the copies attached to the Petition as Exhibits A and B are true and correct copies of the Liberty Mutual Policies.

20. The Liberty Mutual Policies speak for themselves. The remaining allegations of Paragraph 20 of the Petition state a legal conclusion or other non-factual allegation to which no response is required.

21. The Liberty Mutual Policies speak for themselves. Liberty Mutual denies the remaining allegations set forth in Paragraph 21 of the Petition.

22. The Liberty Mutual Policies speak for themselves. Liberty Mutual denies the remaining allegations set forth in Paragraph 22 of the Petition.

23. Liberty Mutual admits that certain of the Underlying Asbestos Actions allege "bodily injury" as that term is used in the Liberty Mutual Policies, which Policies speak for themselves. Liberty Mutual denies the remaining allegations set forth in Paragraph 23 of the Petition.

24. Liberty Mutual admits that some, but not all, of the Underlying Asbestos Actions allege bodily injury, sickness or disease occurring during the policy period of one or both of the Liberty Mutual Policies, which Policies speak for themselves. Liberty Mutual denies the remaining allegations set forth in Paragraph 24 of the Petition.

25. Liberty Mutual admits that some, but not all, of the Underlying Asbestos Actions allege that they arise from an "accident" or "occurrence" as those terms are used in the Liberty Mutual Policies, which Policies speak for themselves. Liberty Mutual denies the remaining allegations set forth in Paragraph 25 of the Petition.

26. Liberty Mutual admits the allegations set forth in Paragraph 26 of the Petition.

27. Liberty Mutual admits the allegations set forth in Paragraph 27 of the Petition.

28. Liberty Mutual denies the allegations set forth in Paragraph 28 of the Petition.

29. Liberty Mutual denies the allegations set forth in Paragraph 29 of the Petition.

30. Liberty Mutual admits that Mallinckrodt has demanded that Liberty Mutual pay defense costs and indemnify Mallinckrodt in connection with certain of the Underlying Asbestos Actions. Liberty Mutual denies the remaining allegations set forth in Paragraph 30 of the Petition.

31. Liberty Mutual admits that it has not paid certain alleged defense and indemnity costs sought by Mallinckrodt in connection with certain of the Underlying Asbestos Actions. Liberty Mutual denies the remaining allegations set forth in Paragraph 31 of the Petition.

32. Liberty Mutual admits that disputes arose between Liberty Mutual and IMCERA concerning application of the Liberty Mutual Policies to the Underlying Asbestos Actions. Liberty Mutual is without knowledge or information sufficient to respond to the remaining allegations set forth in Paragraph 32 of the Petition.

33. Liberty Mutual admits that IMCERA and Liberty Mutual executed the Cost Sharing Agreement, which speaks for itself. Liberty Mutual is without knowledge or information sufficient to respond to the remaining allegations set forth in Paragraph 33 of the Petition.

34. Liberty Mutual admits that the Cost Sharing Agreement contains a confidentiality provision, which speaks for itself. Liberty Mutual is without knowledge or information sufficient to respond to the remaining allegations set forth in Paragraph 34 of the Petition.

35. The Cost Sharing Agreement speaks for itself. The remaining allegations in Paragraph 35 of the Petition state a legal conclusion or other non-factual allegation to which no response is required.

36. The Cost Sharing Agreement speaks for itself. The remaining allegations in Paragraph 36 of the Petition state a legal conclusion or other non-factual allegation to which no response is required.

37. Liberty Mutual denies the allegations set forth in Paragraph 37 of the Petition.

38. The Cost Sharing Agreement speaks for itself. The remaining allegations in Paragraph 38 of the Petition state a legal conclusion or other non-factual allegation to which no response is required.

39. Liberty Mutual admits that it has not paid the total alleged defense and indemnity costs sought by Mallinckrodt in connection with the Underlying Asbestos Actions. Liberty Mutual denies that it owes some or all such defense and indemnity costs.

40. The Cost Sharing Agreement speaks for itself. The remaining allegations in Paragraph 40 of the Petition state a legal conclusion or other non-factual allegation to which no response is required.

41. The Cost Sharing Agreement speaks for itself. Further answering, Liberty Mutual denies that it refused to arbitrate this dispute. The remaining allegations in Paragraph 41 of the Petition state a legal conclusion or other non-factual allegation to which no response is required.

42. The Cost Sharing Agreement speaks for itself. The remaining allegations in Paragraph 42 of the Petition state a legal conclusion or other non-factual allegation to which no response is required.

43. Liberty Mutual denies the allegations set forth in Paragraph 43 of the Petition.

44. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 44 of the Petition.

45. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 45 of the Petition.

46. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 46 of the Petition.

47. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 47 of the Petition.

48. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 48 of the Petition.

49. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 49 of the Petition.

50. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 50 of the Petition.

51. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 51 of the Petition.

52. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 52 of the Petition.

53. Liberty Mutual is without knowledge or information sufficient to respond to the allegations set forth in Paragraph 53 of the Petition.

54. Liberty Mutual incorporates by reference its responses to Paragraphs 1-53 of the Petition.

55. Paragraph 55 of the Petition states a legal conclusion or other non-factual allegation to which no response is required.

56. Paragraph 56 of the Petition, and the subsequent prayer for relief, state a legal conclusion or other non-factual allegation to which no response is required.

57. Liberty Mutual incorporates by reference its responses to Paragraphs 1-56 of the Petition.

58. The Liberty Mutual Policies speak for themselves. Liberty Mutual denies the remaining allegations set forth in Paragraph 58 of the Petition.

59. Liberty Mutual admits that it has not paid in full the costs of defending and indemnifying Mallinckrodt in connection with Underlying Asbestos Actions. Liberty Mutual denies that it owes some or all such costs. Liberty Mutual denies the remaining allegations set forth in Paragraph 59 of the Petition.

60. Liberty Mutual denies the allegations set forth in Paragraph 60 of the Petition.

61. Liberty Mutual denies the allegations set forth in Paragraph 61 of the Petition. The prayers for relief following Paragraph 61 state a legal conclusion or other non-factual allegation to which no response is required.

62. Liberty Mutual incorporates by reference its responses to Paragraphs 1-61 of the Petition.

63. The Cost Sharing Agreement speaks for itself. Liberty Mutual denies the remaining allegations set forth in Paragraph 63 of the Petition.

64. Liberty Mutual admits that it has not paid in full the costs of defending and indemnifying Mallinckrodt in connection with Underlying Asbestos Actions. Liberty Mutual denies that it owes some or all such costs. Liberty Mutual denies the remaining allegations set forth in Paragraph 64 of the Petition.

65. Liberty Mutual admits that it received a letter dated February 13, 2007 purporting to commence arbitration (the "Notice of Arbitration"), which letter speaks for itself. Liberty Mutual denies the remaining allegations set forth in Paragraph 65 of the Petition.

66. Liberty Mutual admits that it acknowledged the Notice of Arbitration via letter dated March 20, 2007, which letter speaks for itself. Liberty Mutual denies the remaining allegations set forth in Paragraph 66 of the Petition.

67. Liberty Mutual admits that it agreed to defer arbitration in an attempt to resolve the dispute via settlement. Liberty Mutual denies the remaining allegations set forth in Paragraph 67 of the Petition.

68. Liberty Mutual denies that the dispute initially involved Mallinckrodt. Liberty Mutual otherwise admits the allegations set forth in Paragraph 68 of the Petition.

69. Liberty Mutual admits that it received a letter dated November 11, 2009 purporting to recommence arbitration (the "Notice of Recommencement of Arbitration"), which letter speaks for itself. Liberty Mutual denies the remaining allegations set forth in Paragraph 69 of the Petition.

70. Liberty Mutual admits that a Claimant-Appointed Arbitrator was identified via letter (the "Notice of Claimant-Appointed Arbitrator"). Liberty Mutual denies the remaining allegations set forth in Paragraph 70 of the Petition.

71. Liberty Mutual admits that it sent a letter dated March 22, 2010 in connection with the arbitration, which letter speaks for itself. Liberty Mutual denies the remaining allegations set forth in Paragraph 71 of the Petition.

72. Liberty Mutual admits that it agreed to defer arbitration in order to pursue settlement. Liberty Mutual denies the remaining allegations set forth in Paragraph 72 of the Petition.

73. Liberty Mutual denies that the dispute initially involved Mallinckrodt. Liberty Mutual otherwise admits the allegations set forth in Paragraph 73 of the Petition.

74. Liberty Mutual admits that it received a letter dated December 20, 2011 concerning the arbitration, which letter speaks for itself. Liberty Mutual denies the remaining allegations set forth in Paragraph 74 of the Petition.

75. Liberty Mutual admits that it sent a letter dated January 9, 2012 concerning the arbitration, which letter speaks for itself. Liberty Mutual denies the remaining allegations set forth in Paragraph 75 of the Petition.

76. Liberty Mutual admits that a letter was sent to the CPR dated February 3, 2012 concerning the arbitration, which letter speaks for itself. Liberty Mutual denies the remaining allegations set forth in Paragraph 76 of the Petition.

77. Liberty Mutual admits the allegations set forth in Paragraph 77 of the Petition.

78. Liberty Mutual admits that, as of the date of the Petition, the parties had yet to reach a resolution of their dispute by means of mediation. Liberty Mutual denies the remaining allegations set forth in Paragraph 78 of the Petition.

79. Liberty Mutual denies the allegations set forth in Paragraph 79 of the Petition.

80. Liberty Mutual denies the allegations set forth in Paragraph 80 of the Petition.

81. Liberty Mutual denies the allegations set forth in Paragraph 81 of the Petition.

82. Liberty Mutual denies the allegations set forth in Paragraph 82 of the Petition. The prayers for relief following Paragraph 82 state a legal conclusion or other non-factual allegation to which no response is required.

83. Liberty Mutual incorporates by reference its responses to Paragraphs 1-82 of the Petition.

84. Liberty Mutual denies the allegations set forth in Paragraph 84 of the Petition.

85. Liberty Mutual denies the allegations set forth in Paragraph 85 of the Petition.

86. Liberty Mutual denies the allegations set forth in Paragraph 86 of the Petition. The prayers for relief following Paragraph 86 state a legal conclusion or other non-factual allegation to which no response is required.

87. Liberty Mutual incorporates by reference its responses to Paragraphs 1-86 of the Petition.

88. Liberty Mutual denies the allegations set forth in Paragraph 88 of the Petition.

89. Liberty Mutual denies the allegations set forth in Paragraph 89 of the Petition.

90. Liberty Mutual denies the allegations set forth in Paragraph 90 of the Petition.

91. Liberty Mutual denies the allegations set forth in Paragraph 91 of the Petition. The prayers for relief following Paragraph 91 state a legal conclusion or other non-factual allegation to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Some or all of the Counts of the Petition fail to state a claim against Liberty Mutual upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Arbitration)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, because they are subject to arbitration. Liberty Mutual expressly reserves, and does not waive, its right to seek arbitration of all arbitrable claims.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Privity)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent Liberty Mutual has no privity of contract with Mallinckrodt.

## FOURTH AFFIRMATIVE DEFENSE
### (Named Insured)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent such claims seek recovery for losses sustained by entities that do not qualify as insureds under the terms of the Liberty Mutual Policies and/or are not parties under the terms of the Cost Sharing Agreement.

## FIFTH AFFIRMATIVE DEFENSE
### (Proper Party)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent that Mallinckrodt is not a proper party to this proceeding.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Perform Conditions Precedent)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent the insured failed to perform all of its obligations under the terms of the Liberty Mutual Policies and/or the Cost Sharing Agreement.

## SEVENTH AFFIRMATIVE DEFENSE
### (Events Do Not Constitute An Occurrence Or An Accident)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent that the events giving rise to the claims do not constitute "occurrences" or "accidents" within the meaning of the Liberty Mutual Policies.

## EIGHTH AFFIRMATIVE DEFENSE
### (Reasonable and Necessary Defense Costs)

Liberty Mutual is not obligated to pay any defense costs allegedly incurred on behalf of the insured which were not both reasonable and necessary.

## NINTH AFFIRMATIVE DEFENSE
### (Terms, Exclusions, Conditions and Limitations)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, by the terms, provisions, exclusions, conditions and limitations contained in the Liberty Mutual Policies and/or the Cost Sharing Agreement.

## TENTH AFFIRMATIVE DEFENSE
### (Tender)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent they were not properly tendered to Liberty Mutual and/or they seek costs incurred prior to the time the insured placed Liberty Mutual on notice.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Notice)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent the insured failed to give Liberty Mutual timely notice of the underlying claims under the Liberty Mutual Policies and/or the Cost Sharing Agreement.

## TWELFTH AFFIRMATIVE DEFENSE
### (Assignment)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, by the anti-assignment provisions in the Liberty Mutual Policies and/or the Cost Sharing Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Limited Liability)

Liberty Mutual's duty to reimburse or indemnify any party with respect to any of the claims referenced in the Petition is subject to any deductibles, per occurrence/accident limits, annual aggregate limits or any other limitations of liability contained within the Liberty Mutual Policies and/or the Cost Sharing Agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Other Insurance)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent that other insurance applies to the alleged loss in addition to any insurance which may be afforded by Liberty Mutual.  Liberty Mutual shall not be liable for a greater proportion of the loss than stated in any applicable "other insurance" provision of the Liberty Mutual Policies and/or as provided in the Cost Sharing Agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Damage Within the Policy Period)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent that any of the alleged injury and/or damage occurred prior to the inception or after the expiration of the Liberty Mutual Policies.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Damages)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent the relief sought by any party does not qualify as damages under the Liberty Mutual Policies and/or the Cost Sharing Agreement.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Binding Contract)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent that the Cost Sharing Agreement is determined not to constitute a binding contract between Liberty Mutual and Mallinckrodt.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Cooperate)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent the insured failed to cooperate with Liberty Mutual.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Laches, Waiver and Estoppel)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, by the doctrine of laches. Also, the insured and/or Mallinckrodt may have waived some of those claims. In addition, the insured and/or Mallinckrodt may be estopped to assert some or all of the claims referenced in the Petition.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Standing)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent that the insured and/or Mallinckrodt lacks standing against Liberty Mutual.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, by the applicable statute of limitations. Liberty Mutual reserves the right to move to dismiss the Petition at any time.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Released Claims)

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent those claims were released in the Cost Sharing Agreement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Definition of "Bodily Injury")

Some or all of the claims referenced in the Petition may be barred, in whole or in part, to the extent the underlying claims do not constitute "bodily injury" within the meaning of the Liberty Mutual Policies.

WHEREFORE, Liberty Mutual respectfully requests that:

a. The Petition be dismissed with prejudice;

b. Liberty Mutual be awarded its costs in this action; and,

c. The Court grant such other and further relief as the Court deems just and proper.

        Respectfully Submitted,

        LIBERTY MUTUAL INSURANCE
        COMPANY,

        By its attorney,


        */s/ Heather J. Hays*
        John P. Kemppainen (#42461)
        Heather J. Hays (#47634)
        RYNEARSON, SUESS, SCHNURBUSCH &
        CHAMPION, LLC
        500 N. Broadway, Suite 1550
        St. Louis, MO 63102
        P:  314-421-4430
        jkemppainen@rssclaw.com
        hhays@rssclaw.com

*Of Counsel:*

Robert A. Kole (BBO# 633269)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
rkole@choate.com

Date: October 16, 2012

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

        William Gust, Polsinelli Shughart, P.C.
        wgust@polsinelli.com

        Tiffany J. Andersen, Polsinelli Shughart, P.C.
        tandersen@polsinelli.com

        Troy B. Froderman, Polsinelli Shughart, P.C.
        tfroderman@polsinelli.com

        POLSINELLI SHUGHART PC
        100 South Fourth Street, Suite 1000
        St. Louis, Missouri 63102
        *Attorneys for Plaintiff Mallinckrodt US LLC*


        */s/ Heather J. Hays*

Date:  October 16, 2012